ORIGINAL COPY

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 6 2005

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD E. WHITMORE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0839-P |
| | § | |
| COLE JETER, Warden, | § | |
| FMC-Fort Worth | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Harold E. Whitmore, an inmate at FMC-Fort Worth, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed as successive.

I.

Petitioner was convicted by a jury of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 & 841(a)(1) and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B). Punishment was assessed at 240 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. Whitmore*, 70 F.3d 1268 (5th Cir. 1995) (Table). Petitioner also filed a motion for post-conviction relief under 28 U.S.C. § 2255 and an application for writ of habeas corpus under 28 U.S.C. § 2241. Both motions were denied. *United States v. Whitmore*, No. 3-96-CV-3366-P (N.D. Tex. Apr. 29, 1997), *COA denied*, No. 97-10512 (5th Cir. Nov. 14, 1997); *Whitmore v. Flemmings*, 2002 WL 1371212 (N.D. Tex. Jun. 20, 2002).

Petitioner now seeks federal habeas relief for a second time pursuant to 28 U.S.C. § 2241.[1] In his sole ground for relief, petitioner contends that he is actually innocent because the indictment failed to allege and the jury failed to find the essential elements of the drug conspiracy as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[2] Process has been withheld pending a preliminary screening of the habeas petition.

II.

As a preliminary matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-88. However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

---

[1] Petitioner originally filed this action in the Fort Worth Division of the Northern District of Texas. By order dated April 26, 2005, the case was transferred to the Dallas Division. *Whitmore v. Jeter*, No. 4-05-CV-0268-A (N.D. Tex. Apr. 26, 2005).

[2] *Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2362-63.

Although petitioner's *Apprendi* argument was foreclosed by Fifth Circuit precedent at the time of his trial, appeal, and first section 2255 motion, such a claim does not implicate his conviction for a substantive offense. Moreover, *Apprendi* does not apply retroactively to cases on collateral review. *United States v. Brown*, 305 F.3d 304, 309 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1919 (2003). The fact that petitioner may be precluded from raising this claim in a second or successive section 2255 motion does not make that remedy "inadequate or ineffective." *See Smith v. Warden, FCI Seagoville*, 2003 WL 21435820 at *2 (N.D. Tex. Jun. 16, 2003), *rec. adopted*, 2003 WL 21528955 (N.D. Tex. Jul. 1, 2003) (holding that *Apprendi* claim does not meet requirements of *Reyes-Requena* savings clause test); *Wake v. Pratt*, 2001 WL 1343621 at *2 (N.D. Tex. Oct. 29, 2001). Under these circumstances, petitioner is precluded from challenging his conviction under 28 U.S.C. § 2241.[3]

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant can file another motion in district court. *Id.* §§ 2241 & 2255.

---

[3] Petitioner's prior section 2241 motion was denied for the same reason. *Whitmore*, 2002 WL 1371212 at *2.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed without prejudice pending authorization from the court of appeals to file a successive motion in district court.

DATED: May 6, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE